Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★  ★  ★                    ★  ★  ★

# MEMORANDUM OPINION

No. 04-09-00519-CV

## IN THE INTEREST OF A.X.A. and T.S.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-01582
Honorable Karen Pozza, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
    Steven C. Hilbig, Justice
    Marialyn Barnard, Justice

Delivered and Filed: December 30, 2009

AFFIRMED

This is an accelerated appeal from the trial court's order terminating Appellant Tonykia A.'s parental rights.[2] We affirm.

### BACKGROUND

On August 7, 2008, the Texas Department of Family and Protective Services ("the Department") filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship. In an affidavit attached to the petition,

---

[1] The Order of Termination was signed by Associate Judge Charles E. Montemayor.

[2] To protect the privacy of the parties in this case, we identify the children by their initials and the parent by her first name only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008).

Calandra Tapia, a child protective services investigator, affirmed that on August 5, 2008, a report was received by the Department, which stated that Tonykia A. had been "kicked out" of a shelter and had gone to live "under a bridge" with her two children. "There were concerns that [Tonykia A.] had left her children with some homeless individuals and that she is known to use 'a lot of drugs.'" "The children were dirty and hungry," and a report was made with the police department. "It was reported that [Tonykia A.] had left the children without food, clothing, and shelter." Further, her "whereabouts were unknown, and it was unknown when or if she would return to care for her children." Tapia affirmed in her affidavit that the children were then taken to a local shelter by law enforcement. Tapia also affirmed that Department caseworkers attempted to locate Tonykia A., but failed.

Also on August 7, 2008, the trial court signed an Order for Protection of a Child in an Emergency and Notice of Hearing, finding that there was a continuing danger to the physical health or safety of the children, that continuation of the children in the home would be contrary to their welfare, and that reasonable efforts had been made to prevent or eliminate the removal of the children from their home. The trial court's order removed the children from Tonykia A.'s care and named the Department as temporary sole managing conservator of the children. The order set a "full adversary hearing" for August 19, 2008.

On August 19, 2008, Tonykia A. appeared in person and through her attorney. Following the hearing, the trial court signed a Temporary Order Following Adversary Hearing that ordered Tonykia A. to comply with a service plan: "TONYKIA F. A[] is **ORDERED**, pursuant to § 263.106 Texas Family Code, to comply with each requirement set out in the Department's original, or any amended,

service plan during the pendency of this suit." The order also set a status hearing and pre-trial conference for October 7, 2008.

On August 29, 2009, a Family Service Plan was filed. It listed the following tasks:

(1) Tonykia A. will participate in parenting classes. She will attend all classes and apply learned skills during all parent/child visits. She will attend all scheduled classes with no late shows, no late cancellations, and no missed appointments. She will provide the caseworker with the certification of completion.

(2) She will complete a psychological evaluation to assess any emotional and mental health issues. She will follow all recommendations made by the therapist to address any issues of concern identified in the evaluation.

(3) She will maintain stable housing free from environmental hazards and/or criminal activity. She will provide the Department with access to all information of people living in the home. She will inform the caseworker of any changes in address or phone number within three days of those changes.

(4) She will maintain adequate and stable employment and housing.

(5) She will stay in contact with her caseworker.

(6) She will take a drug assessment to assess her drug use. She will follow all the recommendations on the drug assessment.

(7) She will attend Narcotics Anonymous meetings.

(8) She will submit to random UA's.

Tonykia signed the parent acknowledgment form that same day.

On October 7, 2008, the trial court held a status hearing. Tonykia A. appeared through her attorney and announced ready. In its order, the trial court, "having reviewed the service plans filed by the Department," found that Tonykia A.'s service plan was "reasonable, accurate, and in compliance with the previous orders of the court." It also ordered that "the permanency plans and recommendations for the children, as set out in the service plans filed with the court, are approved

and adopted by the court as if set out verbatim in this order." The order also set the case for a non-jury merits hearing on June 4, 2009.

On January 8, 2009, the Department filed a Permanency Plan and Permanency Progress Report stating that Tonykia A. was not in compliance with her service plan and had not completed the following tasks: (1) parenting classes/certification of completion; (2) psychological evaluation; (3) maintain stable housing; (4) random drug test; (5) maintain contact with caseworker; (6) stable and verifiable employment; (7) drug assessment; and (8) attend NA meetings. In the report, the Department also recommended that Tonykia A. "maintain a crime-free and drug-free lifestyle," stating that she had been "released from jail on 1/6/09 for assault charges," but that those charges had been "dropped." According to the report, "in jail she has completed Exploring Parenting Challenges and Anger Awareness through Scripture." The report also stated that Tonykia A. had made "little" progress toward alleviating or mitigating the causes for the children's removal because she had been in jail on assault charges.

On February 3, 2009, the trial court held a permanency hearing. Tonykia A. appeared through her attorney and announced not ready. In its Permanency Hearing Order, the trial court found Tonykia A. had not demonstrated adequate and appropriate compliance with the service plan. The trial court also ordered, once again, that the permanency plans and recommendations for the children, set out in the service plans and/or permanency progress reports filed with the court, were incorporated in the order as findings of the court and were approved. The trial court also ordered that all previous orders issued by the court would continue without modification.

On May 11, 2009, the Department filed a Permanency Plan and Permanency Progress Report, stating that Tonykia A. had received a copy of her service plan on August 28, 2008, had been

released from jail on January 6, 2009, had completed Exploring Parenting Challenges and Anger Awareness through Scripture while in jail, but had not participated in any other services since her release. According to the report, the Department had not been able to make contact with her since February 2009. The report stated that Tonykia A. had not completed any of the tasks on her service plan, had not met any of the goals on her service plan, and had not made any contact with the Department in several months.

On June 2, 2009, the trial court held a permanency hearing, at which Tonykia A. appeared through her attorney and announced ready. In its order, the trial court found that Tonykia A. had not demonstrated adequate and appropriate compliance with her service plan. The order once again incorporated and approved the permanency plans and recommendations for the children, set out in the service plans and/or Permanency Progress Reports filed with the court.

On June 4, 2009, the trial court held the non-jury merits hearing, at which Tonykia A. appeared through her attorney and announced ready. In its order terminating Tonykia A.'s parental rights, the trial court found by clear and convincing evidence that Tonykia A. had (1) constructively abandoned the children who had been in the permanent or temporary managing conservatorship of the Department for not less than six months, and (2) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O) (Vernon Supp. 2009). The trial court also found that termination of the parental relationship between Tonykia A. and her children was in the children's best interest. *See id.* § 161.001(2).

On June 19, 2009, Tonykia A. filed a motion for new trial and statement of appellate points, arguing that there was insufficient evidence to support termination of her parental rights on grounds that she constructively abandoned her children or failed to comply with the court-ordered service plan. On July 1, 2009, the trial court held a motion for new trial hearing. In its order, it denied Tonykia A.'s motion for new trial, sustained her affidavit of indigence, and found her appellate points to be frivolous. Tonykia A. now appeals.

## DISCUSSION

On appeal, Tonykia A. argues that the trial court erred in finding her appellate points to be frivolous. An appeal is frivolous when it has no arguable basis in either law or fact. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.). In determining whether an appeal is frivolous, the trial court "may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b)( Vernon 2002); *see also* TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon 2008) (requiring the trial court to determine whether the appeal is frivolous as provided by section 13.003(b)). We review the trial court's determination that an appeal is frivolous for abuse of discretion. *In re M.N.V.*, 216 S.W.3d at 834.

Here, the trial court found the evidence supported two of the statutory grounds for termination: constructive abandonment and failure to comply with the court-ordered service plan. On appeal, Tonykia A. argues that the trial court abused its discretion in finding her appellate points to be frivolous because there is legally and factually insufficient evidence to support these two statutory grounds. When the proper standard of review is abuse of discretion, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error but are merely factors in determining whether the trial court abused its discretion. *Gardner v. Gardner*, 229 S.W.3d 747,

751 (Tex. App.—San Antonio 2007, no pet.). Accordingly, we must determine (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) whether the trial court erred in its application of discretion. *Id.* In undertaking this analysis, we use the traditional standards of review for legal and factual sufficiency. *Id.* That is, when the legal sufficiency is challenged in a case where the burden of proof is by clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding in question to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When the factual sufficiency of the evidence is challenged in a case where the burden of proof is by clear and convincing evidence, we must look at all the evidence, and "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* Therefore, while considering the standards of review for legal and factual sufficiency in the context of clear and convincing evidence, we must determine whether the trial court abused its discretion in finding Tonykia A.'s appeal to be frivolous.

Tonykia A. argues that the trial court abused its discretion in finding her appellate points to be frivolous because there is insufficient evidence to support termination on grounds that she constructively abandoned her children or failed to comply with the court-ordered service plan. We note that only one of these statutory grounds is necessary for the trial court to terminate her parental rights. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (holding only one predicate finding under Section 161.001(1) is necessary for termination). Here, the evidence in the record shows that Tonykia A. did not comply with her court-ordered service plan.

Tonykia A.'s family service plan, which is included in the clerk's record and which was adopted by the trial court,[3] required Tonykia A. to (1) participate in parenting classes and provide a certification of completion; (2) to complete a psychological evaluation to assess any emotional and mental health issues, and follow all recommendations made by the therapist to address any issues of concern identified in the evaluation; (3) to maintain stable housing free from environmental hazards and/or criminal activity; (4) to maintain adequate and stable employment and housing; (5) to stay in contact with her caseworker; (6) to take a drug assessment to assess her drug use and follow all the recommendations on the drug assessment; (7) to attend Narcotics Anonymous meetings; and (8) to submit to random UA's. Tonykia A. signed the family service plan. Attached to the service plan, as shown in the record, is a list of "Family Plan of Service Assistants," which indicated where Tonykia A. could complete parenting classes, undergo a psychological evaluation, receive a drug assessment, receive drug and alcohol treatment, receive housing assistance, and gain job skills. The progress reports filed and contained in the clerk's record state that Tonykia A. had completed Exploring Parenting Challenges and Anger Awareness through Scripture while in jail, but had not participated in any other services since her release and had not made any contact with the Department.

At the termination hearing, Janisa Hodges, a conservatorship worker for the Department, was the sole witness. She testified that Tonykia A. had not completed her service plan. According to

---

[3] ⬆ We note that Tonykia A. claims that there is no evidence of a court-ordered service plan, because none was admitted in evidence at the termination hearing and the trial court was not asked to take judicial notice of the order at trial. The service plan and the order adopting the plan was filed in the trial court and is contained within the clerk's record. We may presume that the trial court took judicial notice of its own files. *See Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("The trial court is entitled to take judicial notice of its own records where the same subject matter between the same parties is involved. As the reviewing court, we may presume that the trial court took such judicial notice of the record without any request being made and without any announcement that it has done so.").

Hodges, Tonykia A. had completed one parenting class and one anger management class while in jail, but had not done anything since her release from jail. She testified that Tonykia A. had not engaged in any individual counseling or any other services. Hodges testified that Tonykia A. was released from jail on January 6, 2009, and that Tonykia A. had had no contact with her or the Department since February 26, 2009. We hold that the trial court did not abuse its discretion in finding that Tonykia A.'s sufficiency point related to her failure to comply with the service plan was frivolous.

Because "[o]nly one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest,"[4] *In re A.V.*, 113 S.W.3d at 362, we need not address Tonykia A.'s remaining issue on appeal regarding the trial court's constructive abandonment finding.

We affirm the trial court's order terminating Tonykia A.'s parental rights.


Karen Angelini, Justice

---

[4] The trial court also found that termination was in the children's best interest. Tonykia A. does not challenge that finding on appeal.